# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| ROBERT G. RICHARDSON, Trustee of the Estate of Sunpoint Securities, Inc. | § § § | |
| Appellant, | § § | |
| v. | § § | Cause No. 6:07-cv-256 |
| CHESHIER & FULLER, L.L.P., KING BOURLAND, JEFF CHESHIER, JACK SPRAWLS, JAMES CONNER, JACK SAVAGE and BRET ROBERTSON | § § § § § § | |
| Appellee. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is an appeal from the United States Bankruptcy Court for the Eastern District of Texas, Tyler Division. Appellant Robert G. Richardson, Chapter 7 Trustee of the Bankruptcy Estate of Sunpoint Securities, Inc. (the "Trustee") challenges that court's April 23, 2007, Amended Judgment and Amended Findings of Fact and Conclusions of Law, which was entered in a liquidation proceeding pursuant to the provisions of the Securities Investor Protection Act, 15 U.S.C. §78aaa, et seq. This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 158(a). Having carefully reviewed the submissions of the parties and in light of the record on appeal, the circumstances of this case, and the applicable law, the Court AFFIRMS the decision of the Bankruptcy Court.

I.   **STATEMENT OF THE APPEAL**

At the core of this appeal and cross appeal is the assertion that the Bankruptcy Court erred in its apportionment of liability in an adversary proceeding pursuant to the liquidation of Sunpoint Securities, Inc. ("Sunpoint"). In the adversary proceeding, the Trustee and the Securities Investor Protection Corporation ("SIPC") alleged that Cheshier & Fuller L.L.P. ("C&F"), an accounting and auditing firm, and its general partners (the "C&F partners") negligently conducted audits of Sunpoint's financial statements for Sunpoint's 1997 and 1998 fiscal years. The Trustee and the SIPC contended that C&F was negligent, because it failed to discover that property belonging to Sunpoint customers had been stolen. The theft of over 25 million dollars of Sunpoint customer funds was orchestrated by Van Lewis ("Lewis"), Sunpoint's largest shareholder, sole director, and chief executive officer.[1] Subsequent to the filing of the adversary proceeding, C&F filed a third party complaint and counter-claim against Sunpoint and Sunpoint's executives.

The Bankruptcy Court's April 23, 2007, Amended Judgment and Amended Findings of Fact and Conclusions of Law addressed both the claims of the Trustee and the counter-claims of C&F and its partners. The Bankruptcy Court found that C&F was not liable for any harm resulting from Sunpoint's 1997 audit. However, the Bankruptcy Court did find that C&F and its partners were 5% responsible for the harm resulting from

---

[1] Prior to filing the adversary proceeding at issue, the Trustee filed a separate adversary proceeding against Lewis for the misappropriation of customer property. That proceeding resulted in a 25 million dollar judgment against Lewis.

Sunpoint's 1998 audit.[2]  The Bankruptcy Court allocated the remaining 95% of responsibility for the harm arising out of the 1998 audit to Sunpoint and Sunpoint's executives, namely Lewis, Mary Ellen Wilder ("Wilder"), Sunpoint's Chief Financial Officer, Doug Dieter ("Dieter"), another Sunpoint employee, and David Hayslip ("Hayslip"), a member of Sunpoint's management.

The Trustee appeals the fact that the Bankruptcy Court allocated less than 100% responsibility to C&F, while C&F and its partners (collectively, "Appellees") cross appeal the fact that the Bankruptcy Court allocated any responsibility to them.

## II.     STANDARD OF REVIEW

On appeal, the district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  *See In re Hamilton*, 125 F.3d 292, 295 (5th Cir. 1997).  Under the clearly erroneous standard, a bankruptcy court's findings of fact will be reversed only if, considering all the evidence, the district court is left with the definite and firm conviction that a mistake has been made.  *See In re Kemp*, 52 F.3d 546, 550 (5th Cir. 1995).

## III.    THE APPEAL

The Trustee contends that the Bankruptcy Court erred in allocating less than 100% responsibility to C&F and its partners for the harm arising out of Sunpoint's 1998 audit. In particular, the Trustee argues that the Bankruptcy Court should not have designated

---

[2] The Bankruptcy Court held that the C&F partners were jointly and severally liable for any judgment awarded against C&F in favor of the Trustee arising out of Sunpoint's 1998 audit.

Sunpoint and its executives as responsible third parties. The Trustee also argues that the Bankruptcy Court should not have reduced the liability of the C&F partners by the liability allocated to responsible third parties, because those responsible third parties were only sued by C&F. Finally, the Trustee argues that the Bankruptcy Court should have designated C&F's general partner, Jeff Cheshier ("Cheshier"), as a responsible third party independent of his derivative liability as a partner.

The Trustee first argues that the Bankruptcy Court should not have designated Sunpoint and its executives as responsible third parties. The Trustee contends that, in accordance with the audit interference rule, an auditor can only use the negligence of its employer as a defense when that employer's negligence has contributed to the auditor's failure to perform its contract and to report the truth. The Trustee argues that because the Bankruptcy Court did not find that the conduct of Sunpoint and its executives interfered or prevented C&F from properly performing its duties, their conduct should not have reduced C&F's percentage of liability. However, Chapter 33 of the Texas Civil Practice and Remedies Code, not the audit interference rule, applies in this case. Chapter 33 of the Texas Civil Practice and Remedies Code requires the trier of fact to determine the percentage of responsibility of each claimant, defendant, settling person, or responsible third party who caused or contributed to the harm for which recovery of damages is sought. TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 (Vernon 1997). Because the Bankruptcy Court properly applied Chapter 33 of the Texas Civil Practice and Remedies

4

Code, it did not err in reducing C&F's percentage of responsibility by the percentage of responsibility allocated to Sunpoint and Sunpoint's executives.

Second, the Trustee argues that, even if the audit interference rule does not apply, the Bankruptcy Court erred by allocating a percentage of responsibility to Lewis, who was joined by C&F in the adversary proceeding as a responsible third party. The Texas Civil Practice and Remedies Code allows the trier of fact to determine the proportionate responsibility of, among others, "each responsible third party who has been joined under Section 33.004." Section 33.004(a) provides that a defendant may seek to join a responsible third party "who has not been sued by the claimant." The Trustee points out that he already sued Lewis in a prior adversary proceeding. According to the Trustee, this prior lawsuit should have prevented Lewis from being joined as a responsible third party. However, the Court agrees with the Appellees that this is a strained reading of the statute that defeats its very purpose. The statute merely states the obvious; that is, a defendant cannot join a responsible third party who has already been named by the claimant in that same lawsuit. To forbid a defendant from joining a responsible third party simply because that person has already been sued by the claimant in a separate lawsuit would prevent courts from fairly apportioning liability amongst all parties responsible for that claimant's harm. Accordingly, the Bankruptcy Court did not err in holding that Lewis was properly joined as a responsible third party and in allocating a percentage of responsibility to Lewis.

The Trustee next argues that the Bankruptcy Court should not have allocated any percentage of responsibility to Hayslip. According to the Trustee, no evidence demonstrating that Hayslip was a responsible third party was introduced at trial. But a review of the record, including the Trustee's own testimony, demonstrates that there was sufficient evidence to support a finding that Hayslip was partially responsible for the harm for which recovery was sought. Therefore, the Bankruptcy Court did not err in allocating a percentage of responsibility to Hayslip.

The Trustee further argues that the Bankruptcy Court should not have allowed the Individual Defendants to benefit from C&F's designation of Lewis, Wilder and Dieter as responsible third parties. The Trustee argues that each defendant is required to separately join responsible third parties. In this case, only C&F designated Lewis, Wilder and Dieter as responsible third parties. However, nothing in Chapter 33 of the Texas Civil Practice and Remedies Code requires each defendant to separately join responsible third parties in a lawsuit when another defendant has already done so. The simple fact that C&F joined Lewis, Wilder and Dieter as responsible third parties required the Bankruptcy Court to consider the joined defendants in its apportionment of liability. Therefore, the Court finds no error in the Bankruptcy Court's allocation of responsibility.

Finally, the Trustee argues that the Bankruptcy Court erred when it failed to assess liability against Cheshier independent of his derivative liability as a C&F partner. The Trustee contends that pursuant to Article 6132b-3.08 of the Texas Revised Partnership

6

Act, the Bankruptcy Court should have found Cheshier individually liable for the harm caused by Sunpoint's 1998 audit. While the Bankruptcy Court entered a finding of fact stating that "Cheshier was directly involved in the specific activity constituting errors, omissions, negligence, or malfeasance of C&F in the 1998 Audit," the Bankruptcy Court, in its discretion, did not find that Cheshier's involvement warranted a finding that he was individually responsible for any of the Trustee's damages. The Court holds that the Bankruptcy Court did not err in this finding.

For all of the reasons stated above, for all of the reasons stated by Appellees in their briefing on the Trustee's appeal, and for all of the reasons stated by the Bankruptcy Court in its April 23, 2007, Amended Judgment and Amended Findings of Fact and Conclusions of Law, the Court AFFIRMS the Bankruptcy Court on all issues raised in the Trustee's appeal.

## IV. THE CROSS APPEAL

In their cross appeal, Appellees contend that the Bankruptcy Court should not have allocated any responsibility to C&F. Appellees first argue that the Bankruptcy Court should have found that the actions of Lewis, Wilder, and Dieter were a superceding cause that destroyed any causal connection between C&F's negligence and the damages suffered by the Trustee. First, the Bankruptcy Court was correct in finding that the Lewis, Wilder, and Dieter's fraudulent conduct did not meet at least three of the six factors required to make that conduct rise to the level of a superceding cause under *Phan Son Van v. Pena*, 990 S.W.2d

751,754 (Tex. 1990). Second, because the Bankruptcy Court correctly found that the harm suffered by Sunpoint was a reasonably foreseeable consequence of C&F's negligently performed audit, Lewis, Wilder, and Dieter's fraudulent conduct was not a superceding cause preventing a finding of liability on the part of C&F. Accordingly, the Bankruptcy Court did not err in assessing a percentage of liability to C&F.

Appellees also argue that the Bankruptcy Court should have imputed the fraudulent acts of Lewis, Wilder, and Dieter to Sunpoint, because Sunpoint benefitted from those acts. The Trustee notes that, although Lewis used some of the misappropriated funds to further his own personal financial agenda, customer funds were also injected into Sunpoint when it was in danger of being closed by the NASD in 1997 due to an insufficient amount of net capital. However, the Court agrees with the Bankruptcy Court that Lewis, Wilder, and Dieter's fraudulent acts were adverse to Sunpoint's interests and, therefore, cannot be imputed to Sunpoint. After all, the theft of customer property created a liability on the part of Sunpoint that ultimately led to its liquidation. And, as the Bankruptcy Court points out, it is clear that Lewis' infusion of diverted customer funds into Sunpoint to correct its net capital deficiency was a ploy to keep Sunpoint from being closed so that Lewis could continue to benefit from his fraudulent scheme.

Appellees further argue that the Bankruptcy Court erred in allowing the Trustee to offer expert testimony by Lisa Poulin ("Poulin") on the amount and timing of the diversion of customer funds. Appellees state that the Trustee failed to designate Poulin as an expert

8

witness or to comply with expert witness disclosure requirements. However, the Court finds that Poulin's testimony was not expert testimony. Rule 1006 of the Federal Rules of Evidence allows the summary of the contents of voluminous writings, recordings, or photographs which cannot be conveniently examined in court as long as the underlying materials upon which the summary is based are admissible. *United States v. Pelullo*, 964 F.2d 193, 204 (3d Cir. 1992). Poulin's testimony described the contents of a summary of voluminous business records and the methods she used to create the summary, the admissibility of which neither party disputes. Such testimony is not considered expert testimony. See generally *United States v. Hevener*, 382 F.Supp.2d 719, 728-31 (E.D.Pa. 2005). Therefore, the Bankruptcy Court did not err in allowing Poulin's testimony.

Finally, Appellees argue that the Bankruptcy Court erred in rejecting C&F's claims for breach of contract, negligent misrepresentation, and fraud against the Trustee. C&F claims that misstatements by Sunpoint and its executives caused it to negligently perform its audits. First, the Bankruptcy Court properly found that any breaches of the audit engagement letter by Sunpoint did not proximately cause C&F to negligently perform its auditing duties. Second, the Bankruptcy Court properly found that C&F failed to prove any damages proximately caused by any breach of contract by Sunpoint. Finally, the Bankruptcy Court did not clearly err when it found that Appellees could not prevail on their negligent misrepresentation and fraud claims, because any reliance by C&F on misrepresentations by Sunpoint and its executives was not justifiable.

9

For all of the reasons stated above, for all of the reasons stated by the Trustee in his briefing on the Appellees' cross appeal, and for all of the reasons stated by the Bankruptcy Court in its April 23, 2007, Amended Judgment and Amended Findings of Fact and Conclusions of Law, the Court AFFIRMS the Bankruptcy Court on all issues raised in the Appellees' cross appeal.

V.   **CONCLUSION**

For all of the foregoing reasons, the Court AFFIRMS the Bankruptcy Court's April 23, 2007, Amended Judgment and Amended Findings of Fact and Conclusions of Law.

It is SO ORDERED.

**SIGNED this 3rd day of December, 2008.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE